# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

TOMMY JACK WOODS,

          Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration,

          Defendant.

Case No. 16-CV-88-FHM

## OPINION AND ORDER

Plaintiff, Tommy Jack Woods, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's February 11, 2013, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held March 24, 2014. By decision dated July 15, 2014, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on December 9, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 38 years old on the alleged date of onset of disability and nearly 44 on the date of the ALJ's denial decision. He has a high school education and formerly worked as a foundry worker and forklift operator. He claims to have been unable to work since June 1, 2009 as a result of depression, bipolar disorder, polysubstance dependence in sustained partial remission, organic brain injury, as well as back, hand, knee, shoulder and leg pain.

## **The ALJ's Decision**

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform a range of light work with some environmental and postural limitations and the ability to change positions from time to time. Taking note of his depression, anxiety, bipolar, and history of substance abuse, and intending to limit stress and contact, the ALJ found that Plaintiff is restricted to simple, repetitive, and routine work. The ALJ also found that Plaintiff should have limited contact with the public, co-workers, and supervisors. Contact with the public should be brief, cursory, and incidental. If work is on an assembly

2

line, he should have enough space between him and co-workers that he does not have to socially interact. He is able to attend employee meetings, shift meetings, and meetings of that nature, but should no be an integral member of a team that will participate in goal setting and process planning, etc. [Dkt. 24].

Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ erred in finding that Plaintiff had only a moderate limitation in social functioning and that the RFC is not supported by substantial evidence because the RFC does not fully incorporate the limitations found by the consultative examiner to whose opinions the ALJ gave great weight.

## Analysis

### Social Functioning

When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure, known as the psychiatric review technique (PRT), in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue,* 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing

application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). The procedure for evaluating alleged mental impairments requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation of extended duration. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C). The PRT is used to assess mental impairments for purposes of steps two (identifying severe impairments) and three (rating severity for the listings)[2]. See generally 20 C.F.R. §§ 404.1520a, 416.920a. Many of the mental listings include the PRT ratings in the four areas of functioning contained in the Paragraph B criteria in their requirements.

In the area of social functioning, the ALJ found that Plaintiff has moderate difficulties. [R. 23]. Plaintiff argues that this area should have been rated "marked" because consultative mental examiner, Melinda Shaver, Psy.D.,completed a Medical Source Statement of Ability to do Work-Related Activities (Mental) wherein she rated Plaintiff as having a "marked" limitation in the ability to interact appropriately with supervisors. [R. 352]. According to Plaintiff, the ALJ committed clear error by not citing to Dr. Shaver's report for his finding concerning the area of social functioning and the finding is not supported by substantial evidence because it does not incorporate Dr. Shaver's finding.

---

[2] The listings describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App

The court finds no error in the ALJ's performance or evaluation of the criteria contained in the PRT. For purposes of step 2, the ALJ's use of the PRT lead him to the conclusion that Plaintiff had mental impairments of a severity that they caused work-related functional limitations, which he addressed in the RFC. Nothing more was required of the ALJ for step 2. *See Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007). With regard to whether Plaintiff meets a mental listing at step 3, *all* of the specified medical criteria must be matched to meet a listing. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988). As a result, even if Plaintiff is correct that the ALJ should have rated him as having "marked difficulties in social functioning," since Plaintiff does not even argue he satisfies the other criteria to meet a listing, the difference between rating Plaintiff as "moderate" or "marked" in social functioning could not affect the outcome of the decision. Therefore if the ALJ erred in this rating, the error is harmless. The Tenth Circuit has counseled that the court should exercise common sense and not insist on technical perfection. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Further, no principle of administrative law or common sense requires that a case be remanded in quest for a perfect opinion, unless there is reason to believe that the remand might lead to a different result. *See Moua v. Colvin,* 541 Fed. Appx. 794, 798 (10th Cir. 2013).

### RFC Finding

The consultative mental examiner, Dr. Shaver, expressed the opinion that Plaintiff has a "marked" impairment in his ability to interact appropriately with supervisors and found

5

that Plaintiff had a "moderate" restriction in the ability to respond appropriately to usual work situations and to changes in a routine work setting. [R. 352]. Plaintiff argues that the RFC is not supported by substantial evidence because, according to Plaintiff, the RFC did not incorporate Dr. Shaver's limitation on the ability to interact with supervisors as the RFC states, "he has no restrictions with routine, ordinary supervision." [R. 24]. Plaintiff also points out that Dr. Shaver found Plaintiff had a "moderate" restriction in the ability to respond appropriately to usual work situations and to changes in a routine work setting and asserts that the RFC fails to contain such a limitation. Plaintiff argues that the ALJ's statement that he gave great weight to the opinion of Dr. Shaver, [R. 29], is inconsistent with the RFC finding of no restrictions with routine, ordinary supervision and the lack of an RFC limitation for a moderate limitation in the ability to respond appropriately.

The RFC limits Plaintiff to the performance of simple, repetitive, and routine work. The ALJ specifically stated the restriction was to limit stress and contact. [R. 24]. The RFC also states that "[h]e should have limited contact with the public, co-workers, and supervisors." *Id*. The RFC further restricted interaction with others by saying that he should not be an integral member of a team that will participate in goal setting and process planning. *Id*. The court finds that the moderate limitation on the ability to respond to work changes is accounted for by these RFC limitations. Further, it is within that already restricted job environment that the ALJ found that Plaintiff has no restrictions with routine, ordinary supervision. The court finds that, although the ALJ did not include Dr. Shaver's limitations in the RFC *verbatim*, the ALJ did fully account for Dr. Shaver's limitations and the RFC is supported by substantial evidence.

6

The court likewise finds that the ALJ adequately accounted for Dr. Shaver's opinions about Plaintiff's ability to interact with the public and co-workers. Plaintiff comments that the ALJ's RFC restrictions regarding interaction with the public and with co-workers do not seem to be as restrictive as Dr. Shaver's opinion. Again, although the ALJ did not incorporate Dr. Shaver's restrictions word-for-word, the RFC restrictions fairly encompass Dr. Shaver's opinion.

## **Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 18th day of April, 2017.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE